**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MUHAMMAD ASHRAF GORAYA,    )    No. 08-72156

    )

    Petitioner,    )    Agency No. A096-401-275

    )

    v.    )    MEMORANDUM[*]

    )

ERIC H. HOLDER Jr., Attorney    )

General,    )

    )

    Respondent.    )

    )

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2012[**]
San Francisco, California

Before:    TROTT and RAWLINSON, Circuit Judges, and BLOCK,[***]
District Judge.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Muhammad Ashraf Goraya ("Goraya"),[1] a native and citizen of Pakistan, petitions for review of a decision of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal, and for protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, "the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *See Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc) (internal quotation marks omitted). We review for substantial evidence the IJ's factual findings, including adverse credibility findings. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific and cogent reasons for her finding based on inconsistencies between Goraya's oral testimony and his written application, as well as between a police report in the record and his oral testimony. These inconsistencies related to, in part, details concerning the shooting incidents occurring in December 2003, March 2004, and October 2004—each of which go to the heart of Goraya's claims

---

[1] Muhammad's first name was misspelled as "Muhammed" in the prior proceedings. We hereby amend the caption to reflect the proper spelling.

for relief. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). Moreover, Goraya was confronted with these inconsistencies and given an opportunity to explain them, yet the IJ reasonably rejected his explanations. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004) (concluding that the IJ properly considered and rejected the petitioner's explanation for inconsistent testimony). Accordingly, in the absence of credible testimony, we deny the petition as to Goraya's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because we deny the petition on credibility grounds, we need not address Goraya's argument that the IJ erred in holding that even assuming the petitioner was credible, he nonetheless failed to establish past harm or a well-founded fear of future harm on account of a protected ground.

Finally, because Goraya's claim under the CAT is based on the same facts that the IJ found to not be credible, and Goraya points to no other evidence that the IJ should have considered, he has failed to establish eligibility for relief under the CAT. *See Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**